BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6830
    Facsimile: (415) 436-7234
    E-mail: Kyle.Waldinger@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-0478 RS |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING RESTITUTION AMOUNT AND AMENDED JUDGMENT** |
| v. | |
| ALLISON M. BUSHART, | |
| Defendant. | |

The parties hereby submit the following stipulation regarding the restitution amount in this matter:

1. On March 29, 2017, this Court sentenced the defendant to 33 months' imprisonment based on her convictions under 18 U.S.C. § 657 and 26 U.S.C. § 7206(1). At the March 29, 2017 sentencing, the Court left open the issue of restitution amount. The Court set May 2, 2017 for a hearing to decide the amount of restitution that should be ordered. *See* doc. 18, at 5.

2. Since the time of the March 29, 2017 sentencing hearing, the parties have had discussions on this issue. The parties have engaged in those discussions in part in an attempt to avoid an evidentiary hearing in which representatives of the victim Patelco Credit Union and its forensic accounting firm Crowe Horwath might be required to testify.

STIP. & [PROPOSED] ORDER RE REST.
CR 16-0478 RS

3. As a result of the parties' discussions, the parties now stipulate and agree that an order of restitution is both permitted under the law and appropriate under the facts of this case. The parties also stipulate and agree that the total amount of restitution that should be ordered to be paid is $521,661, which consists of $319,029 to Cumis Insurance Society, Inc., $165,563 to Patelco, and $37,069 to the Internal Revenue Service.

4. The parties agree that Patelco and its insurer Cumis qualify as "victims" under 18 U.S.C. § 3663A(a)(2) because they were "directly and proximately harmed as a result of the commission of [the] offense."

5. The parties stipulate and agree that the Court should amend the judgment to require the defendant to pay restitution of $319,029 to Cumis, which the parties agree corresponds to the amount of funds stolen by the defendant and proven by the government by a preponderance of the evidence.

6. The parties further stipulate and agree that the Court should amend the judgment to require the defendant to pay restitution to Patelco in the amount $165,563, which the parties agree corresponds to the amount of funds that Patelco reasonably expended in responding to the offense conduct in this case (including by retaining the accounting firm Crowe Horwath).

7. The parties further stipulate and agree that the Court should amend the judgment to require the defendant to pay restitution to the Internal Revenue Service in the amount of $37,069, which the parties agree corresponds to the tax loss agreed to by the parties in the Plea Agreement.

8. Undersigned counsel for the government represents to the Court that he has had discussions with Patelco and Cumis representatives regarding the restitution issue. Although Patelco continues to believe that the defendant misappropriated more than $400,000 from credit union accounts, Patelco does not object to the parties' stipulation. Cumis also does not object to the parties' stipulation.

9. The Court should order the defendant to pay restitution to the Clerk of the Court. The Court should order the Clerk to disburse all funds received to the victims at the following addresses:

    a. Patelco Credit Union
       Attn: Fraud Manager
       5050 Hopyard Road
       Pleasanton, CA 94588

    b.    Cumis Insurance Society, Inc.
Claim B0994536
P.O. Box 669
Waverly, IA 50677

    c.    Internal Revenue Service
RACS Mail Stop 6261, Restitution
333 W. Pershing Avenue
Kansas City, Missouri 64108

10. Pursuant to 18 U.S.C. § 3664(i), the parties stipulate and agree that all nonfederal victims must be paid before the United States is paid, and that the amended judgment should so state. In addition, in the "Priority and Percentage" column of the judgment, the parties stipulate and agree that the Court should direct that Cumis be paid only after Patelco has been made whole, pursuant to 18 U.S.C. § 3664(j)(1).

11. Based on this stipulation, the parties consent to the Court vacating the May 2, 2017 hearing and to the Court issuing an amended judgment reflecting the restitution amount set forth herein.

SO STIPULATED.

DATED: April 27, 2017

BRIAN J. STRETCH
United States Attorney

KYLE F. WALDINGER
Assistant United States Attorney

DATED: April 27, 2017

JOSEPH L. STOGNER
Attorney for defendant Allison Bushart

**[~~PROPOSED~~] ORDER**

Based on the stipulation of the parties,

The Court ORDERS that an Amended Judgment be issued reflecting the victims, amounts, payment priority, and addresses set forth in paragraphs 5-7 and paragraphs 9-10 of the parties' stipulation.

The Court also ORDERS that the restitution hearing scheduled for May 2, 2017 is hereby vacated.

SO ORDERED.

Dated: 4/27/17

_____
HON. RICHARD SEEBORG
United States District Judge